**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>N. Neville Reid, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Rolanda Hill-Jackson | DEFENDANTS<br>Equity Chasers, Ltd., 5821 Amlin Terrace Land Trust u/a dated March 3, 2016, Camelot Financial Group, Inc. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Fox Swibel Levin & Carroll, LLP, 200 W. Madison Street, Suite 3000, Chicago, IL 60606 (312) 224-1200 | ATTORNEYS (If Known)<br>Emmett McCarthy, Stanko McCarthy Law Group, 20 N. Clark St., Suite 2200, Chicago, IL 60602, (312) 236-8400 |
| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>■ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ■ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance Action

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ronalda Hill-Jackson | | BANKRUPTCY CASE NO.<br>15-27581 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District | | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Janet S. Baer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>8.29.18 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>N. Neville Reid | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Rolanda Hill-Jackson, | ) | Case No. 15-27581 |
| | ) | |
| Debtor. | ) | The Honorable Janet S. Baer |
| | ) | |
| | ) | |
| N. Neville Reid, not individually but solely | ) | |
| in his capacity as Chapter 7 Trustee for the | ) | |
| bankruptcy estate of Rolanda Hill-Jackson, | ) | |
| | ) | Adversary No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Equity Chasers, Ltd., | ) | |
| 5821 Amlin Terrace Land Trust | ) | |
| u/a dated March 3, 2016, | ) | |
| Camelot Financial Group, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

N. Neville Reid, not individually but solely as chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of Rolanda Hill-Jackson ("Rolanda Hill-Jackson" or the

"Debtor"), by his undersigned attorneys, as his complaint against Equity Chasers, Ltd. ("ECL"),

5821 Amlin Terrace Land Trust u/a dated March 3, 2016 (the "Land Trust") and Camelot

Financial Group, Inc. ("CFG"), states as follows:

## Introduction

1.     This case primarily involves the post-petition fraudulent transfer of real property

by Rolanda Hill-Jackson to or for the benefit of Equity Chasers, Ltd. After receiving real estate

from the Debtor, ECL then obtained a loan from CFG secured by the real property.  ECL then

transferred the property to the Land Trust.  The Trustee, on behalf of the Estate, seeks to avoid

these transfers of the Debtor's interest in this real estate and to recover the value of same for the benefit of the Estate.

### Jurisdiction

2.     This Court has jurisdiction over all counts as "core" proceedings pursuant to 28 U.S.C. § 1334(b) and (e), 28 U.S.C. 157(a), (b)(1), (b)(2)(A), (E), (H) and (O).

3.     To the extent the Court does not have jurisdiction over any count as "core", this Court has jurisdiction over such count as "related to" proceedings pursuant to 28 U.S.C. § 1334(b) and (e), 28 U.S.C. 157(c).

4.     With respect to such count(s), pursuant to Bankruptcy Rule 7008, the Trustee consents to entry of final orders and judgment by the Bankruptcy Court.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### Parties

6.     ECL is an Illinois corporation doing business in Illinois. ECL is owned and/or operated by Estella Long.

7.     On information and belief, the Land Trust is a land trust. Samuel J. Macaluso, P.C. is the trustee of the Land Trust. On information and belief, Estella Long is the beneficiary of the Land Trust

8.     CFG is an Illinois corporation doing business in Illinois.

### Background

9.     On August 12, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). On or about April 20, 2016, the Debtor voluntarily converted her case to a Chapter 7 case. Shortly thereafter, the United States Trustee for the

2

2155926 v3 - 06282 / 002

Northern District of Illinois appointed N. Neville Reid as the Trustee for the Estate.

10.     Pre-petition and as of the Petition Date, the Debtor was the owner of a parcel of real property in Cook County, Illinois commonly known as 5821 Amlin Circle, Matteson, Illinois and identified by Property Index Number 31-20-210-002-0000 (the "Property").

11.     Post-petition, in or about March 2016, the Debtor sold the Property to ECL.

12.     The Property was conveyed from the Debtor to ECL via warranty deed dated March 3, 2016 (the "Warranty Deed").

13.     On March 17, 2016, the Warranty Deed was recorded with the Cook County Recorder of Deeds.  A true and accurate copy of the Warranty Deed is attached hereto as **Exhibit 1**.

14.     Contemporaneous with the acquisition of the Property, ECL obtained a loan from CFG for $200,000.00 and ECL executed a mortgage in favor of CFG to secure the loan (the "CFG Mortgage").

15.     On March 17, 2016, the CFG Mortgage was recorded with the Cook County Recorder of Deeds.  A true and accurate copy of the CFG Mortgage is attached hereto as **Exhibit 2**.

16.     On June 29, 2016, the Trustee sent correspondence to ECL demanding the value of the Property be returned to the Estate.

17.      On January 10, 2017, a warranty deed was recorded with the Cook County Recorder of Deeds purporting to transfer the Property from ECL to the Land Trust as of March 3, 2016 (the "Trust Warranty Deed").  A true and accurate copy of the Trust Warranty Deed is attached hereto as **Exhibit 3**.

18.     On February 27, 2018, the Trustee and the Defendants entered into a tolling

3

agreement, appended hereto as **Exhibit 4**, pursuant to which the parties agreed to extend the time for the filing of this complaint through and including August 31, 2018.

### Count I
**(Post-Petition Conveyance – 11 U.S.C. §§ 549 and 550)**
**(Against ECL)**

19.     The Plaintiff re-alleges paragraphs 1 through 18 above as though fully set forth herein.

20.     The transfer of the Property from the Debtor to ECL as evidenced by the Warranty Deed (the "ECL Transfer") was a post-petition transfer of property of the Estate.

21.     The transfer of the Property from the Debtor to ECL was not authorized by this Court.

22.     The Trustee may avoid the ECL Transfer and recover the value of same from ECL.

Wherefore, the plaintiff Trustee requests that (i) the Court enter a judgment in his favor and avoid the ECL Transfer; (ii) enter a judgment against ECL in an amount equal to the total value of the Property; and (iii) grant such other and further relief as the Court deems just and equitable.

### Count II
**(Post-Petition Conveyance – 11 U.S.C. §§ 549 and 550)**
**(Against CFG)**

23.     The Plaintiff re-alleges paragraphs 1 through 22 above as though fully set forth herein.

24.     The granting of the CFG Mortgage was a post-petition transfer of an interest in property of the Estate.

25.     The granting of the CFG Mortgage was not authorized by this Court.

4

2155926 v3 - 06282 / 002

26.     The Trustee may avoid the CFG Mortgage.

Wherefore, the plaintiff Trustee requests that the Court (i) enter a judgment in his favor and avoid the CFG Mortgage; and (ii) grant such other and further relief as the Court deems just and equitable.

**Count III**
**(Post-Petition Conveyance – 11 U.S.C. §§ 549 and 550)**
**(Against the Land Trust)**

27.     The Plaintiff re-alleges paragraphs 1 through 26 above as though fully set forth herein.

28.     The transfer of the Property from ECL to the Land Trust as evidenced by the Trust Warranty Deed (the "Land Trust Transfer") was a transfer of property of the Estate.

29.     The Land Trust Transfer was not authorized by this Court.

30.     Upon information and belief, the Land Trust Transfer was done with the parties' full knowledge of the Estate's claim to the Property.

31.     Upon information and belief, the Land Trust did not pay fair consideration for the Property.

32.     The Trustee may avoid the Land Trust Transfer and recover the value of same from the Land Trust either as an initial transferee or subsequent transferee.

5

Wherefore, the plaintiff Trustee requests that the Court (i) enter a judgment in his favor and avoid the Land Trust Transfer; (ii) enter a judgment against the Land Trust in an amount equal to the total value of the Property; and (iii) grant such other and further relief as the Court deems just and equitable.

Dated: August 29, 2018

N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Rolanda Hill-Jackson,

/s/ Ryan T. Schultz
One of his attorneys

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
FOX SWIBEL LEVIN & CARROLL LLP
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201
nreid@foxswibel.com
rschultz@foxswibel.com

General Bankruptcy Counsel to
N. Neville Reid, the Chapter 7 Trustee

2155926 v3 - 06282 / 002