UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Rolanda D Hill-Jackson | ) | |
| | ) | |
| | ) | Case No. 15-27581 |
| | ) | |
| Debtor(s) | ) | |
| | ) | The Honorable Janet S. Baer |
| | ) | |
| N. Neville Reid, not individually, but as | ) | |
| Chapter 7 Trustee of the Bankruptcy | ) | |
| Estate of Rolanda D Hill-Jackson, | ) | |
| | ) | Adversary No. 18-00766 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Date: October 8, 2019** |
| Equity Chasers, Ltd. | ) | **Time: 9:30 a.m.** |
| 5821 Amlin Terrace Land Trust | ) | |
| u/a dated March 3, 2016 | ) | |
| Camelot Financial Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF TRUSTEE'S MOTION TO APPROVE SETTLEMENT
WITH EQUITY CHASERS AND TO LIMIT NOTICE**

PLEASE TAKE NOTICE that on **October 8, 2019 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Courtroom 644, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Trustee's Motion to Approve Settlement with Equity Chasers, Ltd. And to Limit Notice**, at which time and place you may appear as you see fit.

Dated: September 16, 2019

N. Neville Reid, not individually, but solely as
Chapter 7 Trustee of the Bankruptcy Estate of
Rolanda D Hill-Jackson

By:   */s/ Steven Vanderporten*
One of his attorneys

N. Neville Reid (ARDC #6195837)
Steven L. Vanderporten (ARDC #6314184)
Fox, Swibel, Levin & Carroll LLP
200 W. Madison, Suite 3000
Chicago, Illinois 60606

Telephone: (312) 224-1200
nreid@foxswibel.com
svanderporten@foxswibel.com

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on September 16, 2019 I caused a copy of the foregoing **Trustee's Motion to Approve Settlement with Equity Chasers Ltd. and to Limit Notice**, to be either served via through the Court's electronic filing system or mailed first-class U.S. Mail, as indicated in the below service list.

*/s/ Steven Vanderporten*
Steven Vanderporten

## SERVICE LIST

**Party to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

**Parties to receive notice via postage-prepaid first class U.S. mail:**

Rolanda D Hill-Jackson
9901 S Leavitt
Chicago, IL 60643

American InfoSource LP as agent for
Spot Loan
PO Box 248838
Oklahoma City, OK 73124-8838

Regional Acceptance Corporation
Bankruptcy Section/100-50-01-51
PO Box 1847
Wilson, NC 27894

Navient Solutions Inc.
behalf of United Student Aid Funds, Inc
Attn: Bankruptcy Litigation Unit E3149
P.O. Box 9430
Wilkes-Barre, PA 18773-9430

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

US Dept Of Education
Claims Filing Unit
PO Box 8973
Madison, WI 53704-8973

Nicor Gas
Bankruptcy Department
PO Box 549
Aurora, IL 60507

Premier Bankcard, LLC
Orig By: Premier Bankcard MC
c/o Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-9617

Check Into Cash
Attn Collections
PO Box 550
Cleveland, TN 37364-0550

Commonwealth Edison Company
3 Lincoln Center
Attn: Bankruptcy Department
Oakbrook Terrace, IL 60181

Regional Acceptance Corporation
PO Box 1847
Wilson, NC 27894-1847

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Rolanda D Hill-Jackson | ) | |
| | ) | |
| | ) | Case No. 15-27581 |
| | ) | |
| Debtor(s) | ) | |
| | ) | The Honorable Janet S. Baer |
| | ) | |
| N. Neville Reid, not individually, but as | ) | |
| Chapter 7 Trustee of the Bankruptcy | ) | |
| Estate of Rolanda D Hill-Jackson, | ) | |
| | ) | Adversary No. 18-00766 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Date:  October 8, 2019** |
| Equity Chasers, Ltd. | ) | **Time:  9:30 a.m.** |
| 5821 Amlin Terrace Land Trust | ) | |
| u/a dated March 3, 2016 | ) | |
| Camelot Financial Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT
WITH EQUITY CHASERS AND TO LIMIT NOTICE**

Plaintiff, N. Neville Reid, not individually, but solely as Chapter 7 Trustee for the bankruptcy estate (the "Trustee") of Rolanda D Hill-Jackson (the "Debtor"), by his attorneys, Fox, Swibel, Levin & Carroll, LLP, seeks an order from this Court (1) approving a settlement with defendant Equity Chasers, Ltd. pursuant to Section 105(a) of Title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (2) limiting notice pursuant to Rule 2002(h) of the Bankruptcy Rules.  In support of his motion, the Trustee states as follows:

5

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## SETTLEMENT SUMMARY AND REQUESTED RELIEF

2. On August 29, 2018, the Trustee filed his Complaint in this action against several defendants, including Equity Chasers, Ltd. ("Equity Chasers").

3. In that Complaint, the Trustee sought to avoid and recover under 11 U.S.C. Sections 549 and 550 the value of certain real property in Cook County, Illinois commonly known as 5821 Amlin Circle, Matteson, Illinois and identified by Property Index Number 31-20-210-002-0000 (the "Property") be returned to the Estate (Count I). By way of further explanation, after filing her petition for bankruptcy, the Debtor sold the Property to Equity Chasers, who contemporaneously with the acquisition of the Property, obtained a loan from defendant Camelot Financial Group for $200,000.00. Equity Chasers then executed a mortgage in favor of Camelot Financial Group to secure the loan.

4. Thereafter, the Trustee and Equity Chasers entered into a settlement whereby Equity Chasers will pay the estate $70,000 for a full release of liability by the Trustee. The Settlement Agreement is attached to here as Exhibit 1.

## BASIS FOR RELIEF

5. The Trustee seeks approval of the Settlement Agreement under the well-developed case law interpreting Bankruptcy Rule 9019. Pursuant to that Rule, bankruptcy courts may approve a settlement to the extent it is (1) "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S. Ct. 1157, 1163

(1968), and (2) in the best interests of the estate, *In re Quay Corp., Inc.*, 372 B.R. 378, 382 (Bankr. N.D. Ill. 2007); *see also Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994), *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Comm'l Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004). Rule 9019(a) commits the approval or rejection of a settlement to the discretion of the bankruptcy court. *In re Michael,* 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

6. In determining whether the Settlement Agreement is "fair and equitable", two principles should guide this Court. <u>First</u>, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 9019.0 1, at 9019-2 (15th ed. rev. 1997) (*citing In re Sassalos,* 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *Anderson,* 390 U.S. at 424, 88 S. Ct. at 1163 (*quoting Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130, 60 S. Ct. 1, 14 (1939)); *see also In re Teknek, LLC*, 402 B.R. 257, 260 (Bankr. N.D. Ill. 2009); *Quay*, 372 B.R. at 382.

7. <u>Second</u>, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge. . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983); *In re Artra Group, Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003) ("The settlement need only surpass the lowest point in the range of reasonableness."). Additionally, courts significantly defer to a trustee's business judgment on the wisdom of a settlement:

> The court cannot simply rubber stamp the [trustee's] decision [to settle] and must do more than take the trustee's word that the decision is reasonable. At the same time, settlement decisions are judgment calls. They are not scientific, or subject to any rigid mathematical formula,

and they cannot be evaluated in balance sheet fashion. Some deference, then, must be given to the trustee's expertise. ***Only if the settlement falls below the lowest point in the range of reasonableness should the trustee's decision be disturbed***.

*Comm'l Loan*, 316 B.R. at 698 (citations and quotations omitted) (emphasis added).

8. In determining the fairness, reasonableness, and adequacy of a settlement, bankruptcy courts typically assess: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expenses, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors. *Artra*, 300 B.R. at 702 (*citing American Reserve*, 841 F.2d at 161-62). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement. *Comm'l Loan*, 316 B.R. at 698.

**Application of Factors**

### A.   *Likelihood of Success*

9. The likelihood of success is moderate, given that Equity Chasers has raised a good faith purchaser defense that could reduce a material portion of the recovery sought. Equity Chasers also asserted a lien on the Property based on alleged credits for improvements.

### B.   *The Likely Difficulties in Collection*

10. The Trustee has been informed that Equity Chasers is not extremely liquid, yet the Trustee independently has no reason to believe that collecting a full judgment amount equal to the value of the Property would be difficult. Nevertheless, based on representations by the defendant, it is possible that collection may be a drawn out process, even if ultimately successful.

### C.   *The Complexity of the Litigation*

11. Litigation of the Trustee's claims would not be especially complicated. The Trustee's claims are basic fraudulent transfer counts. Equity Chaser's defenses, however, will

add a layer of complexity to the litigation, because they involve factual questions that likely will remain after full discovery, and will require calling witnesses at trial. Additionally, even a simple trial and its attendant preparations, along with any necessary collection proceedings, would easily eat into a recovery of the value of the Property were the claims successful.

### D.  *The Paramount Interest of the Creditors*

12.  The amount in controversy is small enough that pursuing the claim through a full trial risks costing the estate much (or all) of what it would recover even from a successful judgment. Thus, taking the settlement amount is in the best interest of creditors.

### **NOTICE**

13.  Twenty-one days' notice of this motion has been provided to: (i) the Office of the United States Trustee; (ii) Equity Chasers; (iii) all creditors who filed a proof of claim; (iv) the debtor and (v) all other CM/ECF notice recipients by automatic electronic delivery. Notice to additional parties would be burdensome and costly to the Estate as a result of photocopying, postage, and other expenses associates with the notice. In light of the nature of the relief requested, movant respectfully requests, pursuant to Sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(h) and 9006, that the Court find that the notice as actually given is sufficient under the circumstances and that no other or further notice is required in this matter.

WHEREFORE, the Trustee requests that the Court enter an order substantially in the form of the attached Proposed Order, authorizing the Trustee to consummate the settlement agreement with defendant Equity Chasers Ltd.

Dated: September 16, 2019              N. Neville Reid, not individually, but solely as
                                       Chapter 7 Trustee of the Bankruptcy Estate of
                                       Rolanda D Hill-Jackson

By:     */s/ Steven L. Vanderporten*
         One of his attorneys

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement"), is made and entered into between N. Neville Reid (the "Trustee"), not individually but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Rolanda D Hill-Jackson ("Debtor") and Equity Chasers Ltd. ("Equity Chasers") (The Trustee and Equity Chasers are each a "Party" and collectively they are the "Parties").

## RECITALS

WHEREAS, on October 12, 2015, Debtor filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") pursuant to Chapter 13 of the United States Bankruptcy Code (the "Code"), and the case was given Case No. 15 B 27581 (the "Bankruptcy Case");

WHEREAS, on April 19, 2016, the Debtor filed her Notice of Voluntary Conversion and the Bankruptcy Case was converted from Chapter 13 to Chapter 7 of the Code;

WHEREAS, on May 17, 2016, N. Neville Reid was appointed the Chapter 7 Trustee in the Bankruptcy Case;

WHEREAS, on or around August 28, 2018, the Trustee filed a lawsuit against Equity Chasers in the Bankruptcy Court titled *N. Neville Reid, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Rolanda D Hill-Jackson v. Equity Chasers, Ltd., 5821 Amlin Terrace Land Trust, u/a dated March 3, 2016, Camelot Financial Group, Inc.*, Case No. 15 B 27581, Adv. No. 18-00766 (the "Lawsuit");

WHEREAS, the Lawsuit alleges that Equity Chasers received a post-petition fraudulent transfer (the "Transfer") from Debtor of real property in Cook County, Illinois commonly known as 5821 Amlin Circle, Matteson, Illinois and identified by Property Index Number 31-20-210-002-0000 (the "Property");

WHEREAS, the Lawsuit also alleges that Equity Chasers, contemporaneous with the acquisition of the Property, obtained a loan from Camelot Financial Group for $200,000.00 and Equity Chasers then executed a mortgage in favor of Camelot Financial Group to secure the loan;

WHEREAS, the Lawsuit seeks the recovery of the value of the Transfer as a fraudulent conveyance under 11 U.S.C. § 549 and 11 U.S.C. § 550;

WHEREAS, Equity Chasers denies the material allegations of the Lawsuit and has asserted defenses to the Lawsuit; and,

WHEREAS, the Parties have agreed to resolve their dispute on the terms hereinafter set forth;

NOW, THEREFORE, in consideration of the foregoing, the Parties intending to be legally bound by this Agreement agree as follows:

1. <u>Recitals Incorporated</u>. The Recitals listed above are incorporated into and made a part of this Agreement.

2. <u>Settlement Payment</u>. The Parties agree that within ten (10) business days of the approval of this Agreement by the Bankruptcy Court, Equity Chasers shall make a payment of Seventy Thousand Dollars and No/00 Dollars ($70,000.00) via check made payable to N. Neville Reid, Chapter 7 Trustee of the Bankruptcy Estate of Rolanda D Hill-Jackson (the "<u>Settlement Payment</u>"). Equity Chasers agrees to deliver the Settlement Payment to the Trustee at Fox Swibel Levin & Carroll LLP, 200 W. Madison Street, Suite 3000, Chicago, IL 60606, provided that the Trustee provides Equity Chasers with a W9 (Rev. October 2018) prior to the approval of this Agreement by the Bankruptcy Court.

3. <u>Mutual Release</u>. Except for the enforcement of the terms and provisions of this Agreement, each of the Parties, on its own behalf and on behalf of its agents, successors, predecessors, assigns, subsidiary companies, parent companies, affiliates, trustees, beneficiaries, attorneys, insurers, trusts, including but not limited to grantor trusts, trustees, receivers, representatives and all other persons, parties, or entities affiliated with, associated with, or in any way representative of the Parties, releases and forever discharges the other Party and its agents, successors, predecessors, assigns, subsidiary companies, parent companies, affiliates, trustees, beneficiaries, attorneys, insurers, trusts, including but not limited to grantor trusts, trustees, receivers, representatives and all other persons, parties, or entities affiliated with, associated with, or in any way representative of the other Party, of and from any and all loss, costs, claims, actions, lawsuits, administrative claims, arbitration claims, causes of action, demands, damages, or expenses of any type whatsoever, in law or in equity, imposed by contract, statute, common law or otherwise, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, direct or indirect, liquidated or unliquidated, accrued or unaccrued, irrespective of legal theory and whether damage has resulted from such or not, arising from or in any way related to the Transfers or other transactions described in the Lawsuit.

4. <u>Warranties</u>. Each of the Parties warrants and represents that:

    a. it has not heretofore assigned, subrogated, or transferred or purported to assign, subrogate, or transfer, to any person, firm, partnership, corporation or entity whatsoever any action(s) or cause(s) of action at law or in equity, suits, debts, demands, claims, contracts, covenants, liens, liabilities, losses, costs, accounts, expenses (including, without limitation, attorneys' fees), or damages released in this Agreement; and

    b. it has full power and authority to execute and perform its obligations under this Agreement in all respects; and

   c. it has not relied upon the advice of any representative, agent or attorney of any of the other Parties, as to the legal or other consequences which attach from the assent to the terms of this Agreement.

  5. <u>Court Approval</u>.  The Parties understand that this Agreement is subject to approval by the bankruptcy court.  Accordingly, the Trustee shall file an appropriate motion seeking approval of this agreement once the Parties have executed the agreement.  In the event the Court in the Bankruptcy Case declines to issue an Order approving this Agreement, or in the event any reviewing court reverses the entry of an Order approving this Agreement without remand, this Agreement shall be null and void and the Trustee shall return any funds collected from Equity Chasers.

  6. <u>Dismissal of the Lawsuit</u>.  Within ten (10) business days from the receipt of the Settlement Payment, the Trustee will file a motion with the United States Bankruptcy Court requesting the dismissal of the Lawsuit with prejudice and without costs to either party. Equity Chasers agrees to cooperate with the Trustee as necessary to effectuate the dismissal of the Lawsuit.

  7. <u>Final Disposition</u>.  This Agreement is acknowledged to be a final and binding disposition of any and all claims by the Parties arising from or in any way related to the Transfers and the Lawsuit.  Neither the negotiations preliminary to the signing of this Agreement nor its acceptance shall be considered as an admission of wrongdoing or liability by any party hereto.

  8. <u>Waiver of Construction Against Drafter</u>.  The Parties agree that this Agreement has been negotiated at arms' length among persons knowledgeable about the matters dealt with herein, and each Party participated in its drafting.  Accordingly, any rule of law or other statute, legal decision, or common law principle which would require the interpretation of any ambiguities in this Agreement against the Party that drafted it is of no application and is expressly waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effectuate the intentions of the Parties.  Notwithstanding the foregoing, if any part of this Agreement is held by a court of competent jurisdiction to be illegal or contrary to public policy or otherwise unenforceable, such invalid part shall be deemed modified or eliminated to the extent necessary to make the remaining part enforceable.

  9. <u>Costs and Fees</u>.  The Parties agree to pay their own costs and attorneys' fees associated with the disputes described in this Agreement.

  10. <u>Choice of Law</u>.  The Parties hereto agree that the terms of this Agreement shall be interpreted and construed pursuant to the internal laws of the State of Illinois without regard to choice of law.

  11. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Facsimile, PDF, or copied signatures shall be as effective as original signatures.

12. <u>Entire Agreement</u>. This Agreement is the complete, final, and exclusive agreement between and among the Parties with respect to the subject matter hereof, and supersedes any and all prior agreements, negotiations, and understandings, whether written or oral. The Parties acknowledge and agree that no promises, agreements, statements, or representations not expressed in this Agreement have been made or are being relied upon by any party to this Agreement. This Agreement may not be amended, supplemented, modified, or waived, in whole or in part, except by a written instrument signed by all of the parties hereto.

IN WITNESS WHEREOF, the Parties have executed this document on the dates set forth below.

N. NEVILLE REID, not individually,
but solely in his capacity as the Chapter 7
Trustee for the Estate of Rolanda D Hill-Jackson

_____    Date:_____

_____    Date:_____
EQUITY CHASERS, LTD.